1

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   TIMOTHY DAVID REYNOLDS and                    CASE NO. CV F 10-1388 LJO
     FAITH DANIELLE REYNOLDS,

11
                           Appellants,            **ORDER TO SHOW CAUSE WHY**
12                                                **APPEAL SHOULD NOT BE**
                                                  **DISMISSED**
13             v.

14   FORD MOTOR CREDIT COMPANY,
     LLC, and MICHAEL MEYER, CHAPTER
15   13 TRUSTEE,

16                         Appellee.
     _____/
17

18                              B̲ACKGROUND̲

19         Appellants Timothy David Reynolds and Faith Danielle Reynolds ("appellants") appeal a June

20   30, 2010 Order Denying Debtors' Motion to Value Collateral of Ford Motor Credit, issued by the United

21   States Bankruptcy Judge in the United States Bankruptcy Court, Eastern District of California.

22   Appellants filed a July 15, 2010 notice of appeal with the Ninth Circuit Bankruptcy Appellate Panel, and

23   an August 3, 2010 notice of election to transfer the appeal to this Court.

24         The appeal was opened in this Court on August 4, 2010.  The clerk of court issued an "Opening

25   Letter," which was served on all parties.  The Opening Letter reads, in pertinent part:

26         After a Notice of Appeal has been filed, the parties' next step in prosecuting this appeal
           is compliance with F.R.B.P. 8006 and 8007.  These rules require the appellate to file
27         within 14 days a designation of record, statement of issues on appeal and a notice
           regarding the ordering of transcripts with the bankruptcy court.
28

                                             1

Parties should note that the designation under F.R.B.P. 8006 is a necessary procedural step in the prosecuting of an appeal[.]

It is the parties' responsibility to monitor the appeal to ensure transcripts are timely filed and the record is completed in a timely manner.

After the record is complete, the clerk of the bankruptcy court will send a Certificate of Record (COR) to the clerk of the district court. Upon receipt of the COR, the district court will issue the briefing schedule.

As of the date of this order, appellants have failed to file a designation of record, a statement of issues on appeal, and a notice regarding the ordering of the transcript. Although it is the appellants' responsibility to order transcripts, if any, and to monitor the appeal, appellants' have failed to follow through with their responsibility to perfect the appeal so that the district court could issue a briefing schedule. Appellants have violated F.R.B.P. 8006 and 8007, and have failed to prosecute this action.

### DISCUSSION

A district court has the power to dismiss an action for want of prosecution on its own motion. *Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281 (9th Cir. 1970). Before dismissing a case for failure to prosecute, this Court weighs the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk to defendants from delay; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Citizens Utilities Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir.), *cert. denied*, 444 U.S. 931 (1979). The Court considers each factor below.

**Expeditious Resolution of Litigation and Court's Need to Manage its Docket**

By failing to take action in this case, appellants have delayed the resolution of this case and interfered with this Court's orderly management of its docket. Thus, the first two factors support an order of dismissal. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988).

**Prejudice to Defendant**

Ordinarily, to show prejudice, a defendant must show that the plaintiff's actions interfered with the defendant's ability to proceed to trial. *See id.* Here, the defendant has not filed an answer. Thus, no showing of prejudice has been made by the defendants. However, "the law presumes injury from

2

unreasonable delay." *Anderson v. Air West, Inc.*, 542 F.2d 522 (9th Cir. 1976).  Thus, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id*.   Therefore, this factor weighs does not weight against dismissal.

### Public Policy Favoring Disposition On Merits

The public policy favoring the disposition of cases on their merits weighs against dismissal.  The Court notes, however, appellants' role in frustrating this public policy.  "Although there is indeed a public policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Thus, a plaintiff's dilatoriness will not defeat an involuntary dismissal based on this factor alone. *See id.  See also, In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1240 (9th Cir. 2006) ("The public policy favoring disposition on the merits is not compelling when it is thwarted by the plaintiff's failure to move their cases along.").

### Consideration of Alternatives

In determining whether to dismiss an action for failure to prosecute, this Court considers whether less drastic sanctions are feasible and adequate. *See Malone*, 833 F.2d at 132.  In  its discretion, the Court may satisfy this element by warning the plaintiff of the possibility of dismissal. *Id.  See also, In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1240 (a district court meets the "consideration of alternatives" requirement for dismissing an action by issuing a warning that a party's failure to obey a court order will result in dismissal).  Accordingly, this Court orders appellants to show cause why this action should not be dismissed for failure to prosecute.  This order serves as appellants' warning.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court ORDERS appellants, **no later than September 22, 2010**, to SHOW CAUSE in writing why this Court should not dismiss this appeal for failure to prosecute this appeal.

IT IS SO ORDERED.

3

1    Dated:    **September 14, 2010**                **/s/ Lawrence J. O'Neill**
2                                                   UNITED STATES DISTRICT JUDGE
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28