# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DAVID REYNOLDS and FAITH DANIELLE REYNOLDS, | CASE NO. CV F 10-1388 LJO |
| Appellants, | **ORDER TO DISMISS ACTION FOR FAILURE TO PROSECUTE** |
| v. | |
| FORD MOTOR CREDIT COMPANY, LLC, and MICHAEL MEYER, CHAPTER 13 TRUSTEE, | |
| Appellees. | |

## INTRODUCTION

Appellants David Reynolds and Faith Danielle Reynolds ("appellants") have failed to prosecute this action against appellees Ford Motor Credit Company, LLC, and Michael Meyer, Chapter 13 Trustee ("appellees") since its inception. The Court considers five factors to determine whether to dismiss *sua sponte* this action for failure to prosecute. Having considered the appropriate factors, this Court DISMISSES this action without prejudice.

## BACKGROUND

On September 15, 2010, this Court ordered appellants to show cause why this appeal should not be dismissed for failure to prosecute the appeal. At that point, appellants had failed to comply with F.R.B.P. 8006, failed to file within 14 days a designation of record, statement of issues on appeal and a notice regarding the ordering of transcripts with the bankruptcy court, and failed to take any action to proceed in this case.

On September 17, 2010, appellants responded to the order to show cause. Appellants explained: (1) the necessary documents were filed on September 16, 2010; (2) they have been attempting to resolve this matter with appellee's counsel since the appeal was filed; (3) this Court will be bound by a decision of the Ninth Circuit court of Appeals which has a pending petition for rehearing en banc; and (4) there has been no prejudice to appellee for the delay because payments are being made by the Chapter 13 Trustee to Appellee pending this appeal.

Although appellants took the required actions after the order to show cause issued, appellants failed to explain why they took no action prior to this Court's order. Appellants failed to demonstrate good cause why they failed to comply with the Federal Rules of Bankruptcy Procedure, rules that are necessary to perfect the appeal. Accordingly, this Court admonished appellants that "further failure to comply with federal rules, local rules, or a court order **shall** result in sanctions, which may include monetary sanctions and/or dismissal." Order to Admonish Appellants, p. 2 (emphasis in original).

On September 21, 2010, the certificate of record issued, but that order was disregarded on September 24, 2010. The bankruptcy court later certified the record. Incredibly, appellants failed to advise the district court of the certification. Rather, the clerk of this court communicated with the clerk of the bankruptcy court to determine whether the action had been certified, and filed the certification of record on its own. Thus, appellants again failed to take action to prosecute this appeal despite this Court's admonition.

On October 15, 2010, this Court set a briefing schedule in this action. This Court noted that the "bankruptcy court re-issued its certification of record on October 8, 2010" but that "neither party advised the court of the certification of the record." The Court directed the clerk of court to file the certification, and set a briefing schedule. According to that order, appellants' opening brief was to be filed and served no later than November 1, 2010.

As of this date, appellants have failed to file an opening brief with this Court.

**DISCUSSION**

A district court has the power to dismiss an action for want of prosecution on its own motion. *Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281 (9th Cir. 1970). A dismissal for failure to prosecute "must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084

(9th Cir. 2010). In addition, this Court weighs the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk to defendants from delay; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Citizens Utilities Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir.), *cert. denied*, 444 U.S. 931 (1979). The Court considers each factor below.

**Unreasonable Delay**

Appellants have failed to prosecute this bankruptcy appeal without offering an excuse for the delay. This action was initiated on August 4, 2010. Thereafter, appellants took no steps to certify the record, and made no effort to prosecute the action. In response to this Court's September 15, 2010 order to show cause, appellants failed to demonstrate good cause for the failure to abide by the Court's local rules, order, and the Federal Rules of Bankruptcy Procedure. Rather, appellants simply took the required actions. Thereafter, appellants have failed to re-file the certification, and failed to file its opening brief. Appellants' opening brief was due on November 1, 2010. As of this date, no brief was been filed, and no reasons for the failure to file the brief have been set for to the Court. Accordingly, the facts support a finding that the delay has been unreasonable.

**Expeditious Resolution of Litigation and Court's Need to Manage its Docket**

By failing to take action in this case, appellants delayed the resolution of this case and interfered with this Court's orderly management of its docket. Thus, the Court finds that the first two factors support an order of dismissal. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988).

**Prejudice to Defendant**

Where, as here, there has been an unreasonable delay, "the law presumes injury from unreasonable delay." *Anderson v. Air West, Inc.*, 542 F.2d 522 (9th Cir. 1976). Thus, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id*. Moreover, to show prejudice, a defendant must show that the plaintiff's actions interfered with the defendant's ability to proceed to trial. *Malone*, 833 F.2d at 131. Here, appellants actions prejudiced appellees by interfering with their ability to designate

3

certain documents in the record.  After this Court intervened to have the record de-certified, to allow appellees an opportunity to designate documents, appellants continued to fail to prosecute the action. Based on these considerations, this Court finds that this factor weighs in favor of dismissal.

### Public Policy Favoring Disposition On Merits

The public policy favoring the disposition of cases on their merits weighs against dismissal.  The Court notes, however, appellants' role in frustrating this public policy.  "Although there is indeed a public policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Thus, a plaintiff's dilatoriness will not defeat an involuntary dismissal based on this factor alone. *See id.  See also, In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1240 (9th Cir. 2006) ("The public policy favoring disposition on the merits is not compelling when it is thwarted by the plaintiff's failure to move their cases along.").

### Consideration of Alternatives

In determining whether to dismiss an action for failure to prosecute, this Court considers whether less drastic sanctions are feasible and adequate. *See Malone*, 833 F.2d at 132.  In its discretion, the Court may satisfy this element by warning the plaintiff of the possibility of dismissal. *Id*.  *See also, In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1240 (a district court meets the "consideration of alternatives" requirement for dismissing an action by issuing a warning that a party's failure to obey a court order will result in dismissal).  The Court admonished appellants clearly in its September 27, 2010 Order to Admonish Appellants that "further failure to comply with federal rules, local rules, or a court order **shall** result in sanctions, which may include monetary sanctions and/or dismissal." (emphasis in original).  Appellants ignored that admonition, and repeatedly failed to prosecute this action after the admonishment.  First, appellants failed to advise the clerk of this Court that the bankruptcy court had re-certified the record.  Second, without excuse, appellants failed to file its opening brief on or before November 1, 2010.  Because of appellants' repeated violations of this Court's orders, failure to take action to prosecute this action, and choice to ignore this Court's admonishments that this action would be dismissed for failure to prosecute, this Court finds no alternative sanction to be satisfactory.

**CONCLUSION and ORDER**

For the foregoing reasons, this Court DISMISSES without prejudice this action and DIRECTS the clerk of court to close this action.

IT IS SO ORDERED.

Dated:   November 12, 2010                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE